IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SILVIO SOLIS-ALARCON, et. al.<br><br>**Plaintiff(s)**<br><br>v.<br><br>JULIO ABREU-LARA, et. al.<br><br>**Defendant(s)** | **CIVIL NO**. 09-1971(JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D. J.

Pending before this Court are Silvio Solis-Alarcon and Migdalia Marquez-Roberto's ("Plaintiffs") Motion to Remand (10-1171, Docket No. 13)[1], Motion Requesting Discovery and an Evidentiary Hearing (10-1171, Docket No. 14), Motion Objecting to the Westfall Certification of Roberto Cruz Perez, Carlos Strubbe and Fernando Colon ("Defendants")(Docket No. 23), and two Motions to Stay the Adjudication of Defendants' Motion to Dismiss. (Docket Nos. 29, 38).  For the reasons set forth below, this Court **DENIES** in Part and **GRANTS** in Part Plaintiffs' Motions.

**PROCEDURAL AND FACTUAL HISTORY**

The case was originally brought pursuant to 42 U.S.C. § 1983 alleging the deprivation of Constitutional Rights under the Fourth and Fifth Amendments due to an illegal search and seizure and for

---

[1]On April 22, 2010, 10-1171 (JAG) was consolidated with the present action.(Docket No. 21). Several of the pending motions are from the pre-consolidation case.

Civil No. 09-1971(JAG)                                                2

excessive use of force. Additionally, state law claims were brought pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code for alleged intentional torts and pursuant to Article II Section 10 of the Constitution of Puerto Rico for alleged unlawful entry and search.

Civil Case 10-1171 originated in the Puerto Rico Court of First Instance, Carolina Part and was removed to Federal Court pursuant to 28 U.S.C. § 2679(d)(1),(2) following a "Certificate of Scope of Federal Employment" filed by the United States Attorney's office, dated February 25, 2010. (10-1171, Docket No. 1). This case was consolidated on April 22, 2010. (Docket No. 21). The motions pending before the court were filed both prior to and after the consolidation.

On April 26, 2010, Defendants filed a Motion to Dismiss. (10-1171, Docket No. 25). In lieu of an Objection, Plaintiffs filed Motions to Stay the Adjudication of the Motion to Dismiss (Docket Nos. 29, 38) pending the resolution of an appeal from a related 2008 District Court decision. Defendants' Motion to Dismiss contends, inter alia, that Plaintiffs' claim should be dismissed because it is barred by the res judicata effect of the District Court decision in the 2008 case.

**DISCUSSION**

1. Objection to Westfall Certification and Request for Evidentiary Hearing

Plaintiffs object to the Westfall Certification and make a request for leave to conduct discovery to determine if Defendants

Civil No. 09-1971(JAG)                                                  3

were federal officers or employees and to determine whether they acted within the scope of their employment. Additionally, Plaintiffs request an evidentiary hearing to resolve the matter.

It is undisputed that at the time of the underlying incident Defendants were all deputized members of the High Intensity Drug Trafficking Area (HIDTA) Task Force pursuant to 21 U.S.C. § 878. Section 878(b) states that such deputized individuals "shall be subject to 3374(c) of title 5." 5 U.S.C. § 3374(c)(2) states that such deputies are deemed employees "for the purposes of... the Federal Tort Claims Act [28 U.S.C. § 1343(b), 2671 et. seq.] and any other Federal tort liability statute."

The Federal Tort Claims Act (FTCA) in the relevant part states that:

> "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

28 U.S.C. § 2679(d)(1).

Plaintiffs argue that Defendants cannot be considered employees for the purposes of the FTCA because Plaintiffs allege violations of the U.S. Constitution. This contention is premised on a misreading of the relevant statute. The exceptions state the statute includes two exceptions to the exclusive substitution of the United States for the defendant party. The substitution does

Civil No. 09-1971(JAG)                                                    4

not apply for alleged constitutional violations, and it does not apply when the individual is sued under a federal statute that otherwise allows for personal liability. 28 U.S.C. § 2679(b)(2)(A),(B). However, these exceptions apply when the United States is to be substituted as the exclusive defendant, not when the defendant is to be considered a federal employee. Therefore, Plaintiffs' contention that Defendants cannot be considered federal employees because they are alleging constitutional violations fails as a matter of law.

Since the Attorney General has properly certified the Defendants under § 2679(d)(1), commonly referred to as a Westfall Certification, it is only necessary to evaluate whether the actions in question were within the scope of their role as federal employees.

Whether or not someone is acting within the scope of their employment for the purposes of the Westfall Certification is a question of state law. Borrego v United States, 790 F.2d 5, 6 (1st Cir. 1996). According to Puerto Rico law three elements should be considered when deciding whether or not to apply the doctrine of respondeat superior:

> "an employee's a) [d]esire to serve, benefit, or further his employer's business or interest[;] b) [whether] the act is reasonably related to the scope of the employment[; and] c) [whether] the agent has not been prompted by purely personal motives."

Vernet v. Serrano-Torres, 566 F.3d 254, 261 (1st Cir. 2009) (quoting Borrego, 790 F.2d at 7)(internal quotations omitted).

Additionally, when challenging a Westfall Certification, the burden of proof is on the Plaintiff to show that defendants acted outside the scope of their employment. <u>Day v Massachusetts Air National Guard</u>, 167 F.3d 678, 685 (1st Cir. 1999).

In their Motion to Dismiss Plaintiffs fail to allege any evidence that the Defendants were acting outside the scope of their federal employment. More specifically, Plaintiff's do not allege anything relevant as to the Puerto Rico standard for scope of employment. Furthermore, the exhibits Plaintiffs attach as part of their Motion provide evidence that defendants are members of the Task Force. This only supports their role as federal employees and provides no evidence that they were acting outside the scope of their employment.

As Plaintiffs have not alleged any evidence that Defendants were acting outside of the scope of their employment, this Court finds the Plaintiffs have presented no evidence that additional time for fact finding would be valuable or productive. Therefore, the motion for leave to conduct discovery is **DENIED** and the Motion to reject the Westfall certification as to Defendants is **DENIED.**

1. Plaintiffs' Request for Remand

In addition Plaintiffs request remand back to state court. Plaintiffs admit that a Westfall certification by the Attorney General under § 2679 is conclusive for the purposes of raising a federal question. However, Plaintiffs contest the removal on

Civil No. 09-1971(JAG)                                                        6

procedural grounds.

Plaintiffs' main procedural objection is that Defendants failed to "perfect removal" within 30 days of service. This contention is premised on the belief that 28 U.S.C. § 1446 governs the timing of removal in a case involving a Westfall certification. As a matter of statutory interpretation, this is illogical. 28 U.S.C. § 2679(d)(2) states that "any civil action or proceeding commenced upon such claim in a State court shall be removed... at any time before trial by the Attorney general." This is inconsistent with the thirty day removal requirement of § 1446(b). Since § 2679 is the authority for removal in the present action, this Court shall evaluate timeliness based on the requirements in that statute. Therefore, since the Attorney General filed the Westfall Certification before the case progressed to trial at the State level, and the Defendants have filed the required English language translations of the pre-removal pleadings, this Court finds no remaining procedural defects upon which to base a remand. Therefore, the Motion for Remand is **DENIED**.

3. Motion to Stay Motion to Dismiss Pending Outcome of Appeal

In their Motion to Stay, Plaintiffs point to ample authorities to show that issuing a stay is within the discretion of the court to control its own docket. See Marquis v. Federal Deposit Ins. Corp., 965 F.2d 1148, 1154-55 (1st Cir. 1992); Harmon Kardon, Inc. v. Ashley Hi-Fi, 602 F.2d 21, 23 (1st Cir. 1979). Furthermore,

Civil No. 09-1971(JAG)                                                    7

Plaintiffs highlight that the Supreme Court has declared that "the party requesting the stay must show that they will suffer hardship if the stay is not granted." Rivera v. P.R. Tel. Co., 2009 U.S. Dist. LEXIS 92101 (quoting Landis v. North American Co., 299 U.S. 248, 255 (1936)).

In the present case, the Plaintiffs have not made a convincing case of hardship. Plaintiffs merely parrot back the conclusion of Judge Pieras' opinion in Rivera stating, "such a course of action could easily result in hardship for Plaintiffs who will have to spend time, money, and effort re-litigating an issue that could become moot upon resolution of the appeal by the First Circuit." In Rivera, the parties requesting the stay were defendants who had already successfully litigated the same question of law in a previous case. In the present case, the parties requesting the stay are Plaintiffs who have unsuccessfully litigated the previous case. The defendants in Rivera were merely trying to prevent unnecessary expenses from duplicative legal battles. Plaintiffs give the impression that they are merely trying to get a second bite at the apple. Therefore, Rivera is an inapposite analogy, and this Court will not heed Plaitiffs' request that it be persuasive in the present case.

In light of the fact that Plaintiffs have failed to make a convincing case of hardship, this Court finds no reason to exercise its discretion to grant a stay pending the outcome of the appeal in the previous case. Thus the Motion to Stay the Adjudication of the

Civil No. 07-1004 (JAG)                                                P.8

Motion to Dismiss is **DENIED**. However, this Court will **GRANT** Plaintiffs leave to file a response to the Motion to Dismiss on or before August 2, 2010.

## CONCLUSION

For the reasons stated above, this Court **DENIES** Plaintiffs' Motion to Remand (10-1171, Docket No. 13), Motion Requesting Discovery and an Evidentiary Hearing (10-1171, Docket No. 14), Motion Objecting to the Westfall Certification of Defendants(Docket No. 23), and two Motions to Stay the Adjudication of Defendants' Motion to Dismiss. This Court **GRANTS** Plaintiffs' request for leave to file a response to the Motion to Dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 13th day of July, 2010.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge